IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PAGIDIPATI ENTERPRISES, INC.,  )
                                )
            Plaintiff,          )
                                )
      v.                        )   1:10CV742
                                )
LABORATORY CORPORATION OF       )
AMERICA HOLDINGS,               )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to File Documents Under Seal (Docket Entry 45). For the reasons that follow, the Court will grant said motion.

## I. BACKGROUND

The instant motion arises from Defendant's desire to file its Brief in Opposition to Plaintiff's Motion for Summary Judgment, and its supporting Declaration of Robert Nelson, under seal with this Court. (See Docket Entry 45.) Defendant asserts that Robert Nelson's declaration "includes information in paragraphs 6, 7, 10, 11, and 13-17, concerning [Defendant]'s acquisition process which is not available to the general public." (Docket Entry 45, ¶ 3.) Defendant further notes that it "refers to and discusses the content of paragraphs 6, 7, 10, 11, and 13-17 in its [Brief in] Opposition to Plaintiff's Motion for Summary Judgment." (Id., ¶ 5) Accordingly, Defendant requests that the Court allow it "to file the Declaration of Robert Nelson and its Brief in Opposition to Plaintiff's Motion for Summary Judgment under Seal [sic]." (Docket Entry 46 at 4.) Defendant further "proposes to publicly file

redacted versions of these documents which omit confidential information." (Id. at 3-4.)

In support of said motion, Defendant filed the Declaration of Kathryn Wright Kyle (Docket Entry 41), its Director of Litigation, in which she affirms that she "reviewed the Declaration of Robert Nelson, dated October 14, 2011. Paragraphs 6, 7, 10, 11, 13-17 of that declaration contain the type of information that [Defendant] considers to be non-public and thus would be useful to a competitor interested in [Defendant's] acquisition process." (Docket Entry 41, ¶ 5.)

## II. DISCUSSION

The United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispostiive motion." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). "When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." Virginia Dept. of State Police v. The Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted). "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Id. (internal citations and quotation marks omitted).

Moreover, the Fourth Circuit has recognized that the legal framework for sealing documents, described above, applies to determine whether a party may file a redacted document, i.e., a document sealed in part. See United States v. Moussaoui, 65 Fed. Appx. 881, 889 (4th Cir. 2003) ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."). Thus, courts in the Fourth Circuit apply the legal framework for sealing where a party moves to file a redacted document. See, e.g., Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2011 U.S. Dist. LEXIS 26720, at *3-7 (E.D.N.C. Mar. 15, 2011) (unpublished) (granting parties' motions to seal documents or portions thereof containing alleged trade secrets); Wolfe v. Green, Civil Action No. 2:08-01023, 2010 U.S. Dist. LEXIS 132929, at *6-7 (S.D. W. Va. Dec. 15, 2010) (unpublished) (granting parties' joint motion to redact filings holding parties made necessary showing to address both common law and First Amendment rights of access); Bethesda Softworks, LLC v. Interplay Entertainment Corp., Civil Action No. DKC 09-2357, 2010 U.S. Dist. LEXIS 100769, at *26-29 (D. Md. Sept. 23, 2010)

(unpublished) (treating plaintiff's motion to redact transcript as a motion to seal).

Initially, the Court observes that the instant joint motion to seal exhibits has been publicly docketed since October 18, 2011. (Docket Entry 45.) Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but no opposition has been filed (see Docket Entries from October 18, 2011, to present). Accordingly, the Court concludes that, as to the motion at issue, the "public notice" prerequisite to entry of a sealing order has been satisfied. See Stone v. University of Md. Med. Sys., 855 F.2d 178, 181 (4th Cir. 1988) (discussing use of docketing to comply with procedural requirements for sealing).

Next, the Court must determine what, if any, public access right attaches to the items covered by the instant sealing requests. See Virginia Dept. of State Police, 386 F.3d at 576. The more rigorous First Amendment standard applies to documents related to dispositive motions. See Rushford, 846 F.2d at 252-53 ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)). See also Scenera Research LLC v. Morris, Nos. 5:09-Cv-412-FL, 5:09-CV-439, 2011 U.S. Dist. LEXIS 14668, at *1-2 (E.D.N.C. Feb. 14, 2011) (unpublished) ("Because the documents sought to be sealed are

related to dispositive motions, they are subject to a *First Amendment* right of access by the public." (italics in original) (citing Rushford, 846 F.2d at 253)); Walter Kiddie Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:05CV01031, 2008 U.S. Dist. LEXIS 3426, at *2 (M.D.N.C. Jan. 16, 2008) (unpublished) (Tilley, J.) ("However, when this discovery rule is applied to seal documents used . . . in dispositive motions . . . a 'rigorous *First Amendment* standard' applies to protect the public's right to access." (italics in original) (citing Virginia Dept. of State Police, 386 F.3d at 576)). Defendant's declaration and brief are thus subject to the right of access granted by the First Amendment, because they were filed in connection with a motion for summary judgment.

The Court next must balance that First Amendment access right against the competing interests identified by Defendant. In that regard, the Fourth Circuit has recognized that:

> One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing."

Woven Elec. Corp. v. Advanced Group, Inc., Nos. 89-1580, 89-1588, 1991 U.S. App. LEXIS 6004, at *17 (4th Cir. Apr. 15, 1991) (unpublished) (bracket in original) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). Because the interests identified by Defendant involve such sensitive business information, the balance in this case warrants redaction as requested by Defendant. The Court finds that Defendant's limited

-5-

redactions are narrowly tailored to maintain the secrecy of only sensitive business information. Therefore, partial sealing of these documents through the use of redactions is appropriate.

### III. CONCLUSION

The Court observes that the public has had sufficient time to intervene to oppose Defendant's Motion to File Documents Under Seal. Moreover, the Court finds that Defendant's interest in protecting its sensitive business information overcomes the public's First Amendment right to access that material and warrants redaction as proposed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to File Documents Under Seal (Docket Entry 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant may file redacted copies of its Brief in Opposition to Plaintiff's Motion for Summary Judgment and Declaration of Robert Nelson on the docket and that unredacted copies of those documents shall remain under seal.

             /s/ L. Patrick Auld
              **L. Patrick Auld**
      **United States Magistrate Judge**

November 1, 2011

-6-

Case 1:10-cv-00742-NCT -LPA   Document 50   Filed 11/02/11   Page 6 of 6